## The Inhabitants of WEST BOYLSTON *versus* The Inhabitants of STERLING.

In the caption of a deposition, the magistrate certified, as the cause of taking it, that the deponent was "so aged and infirm as to be unable to travel and attend at the trial." It was *held* that, in the absence of fraud, evidence offered for the purpose of preventing the use of the deposition by showing, that the deponent, *at the time of taking the deposition,* was not so aged and infirm as to be unable to travel, &c. was inadmissible. [See Revised Stat. *c.* 94, § 14.]

In an action by one town against another to recover expenses incurred in the support of a pauper, it was *held,* that a notification addressed to the pauper by an inhabitant of a third town, warning him to attend a district school meeting therein, was competent for the purpose of proving that the pauper resided at that time in such third town, it being testified by such inhabitant, that he delivered the notification to the pauper.

THIS was assumpsit to recover the amount of the expenses incurred by the plaintiffs in the support of John May, a pauper, whose settlement was alleged to be in Sterling.

At the trial, before *Wilde* J., the plaintiffs, for the purpose of proving such settlement, offered in evidence the deposition of Joseph Kendall, in the caption of which the magistrate had certified as the cause of taking the deposition, that the deponent was "so aged and infirm as to be unable to travel and attend at the trial." The defendants objected to the admission of this deposition, and offered evidence to show, that the deponent, at the time of taking the deposition, was not so aged and infirm as to be unable to travel and attend at the trial of the action, but did in fact travel at and after that time, whenever his business or pleasure required; but the evidence was ruled to be inadmissible.

In the course of the trial, evidence was introduced by the defendants for the purpose of showing, that the pauper had gained a settlement in West Boylston, by residing therein from 1808 to 1830, or ten successive years within that time, and by paying taxes therein some five of such ten successive years. The plaintiffs thereupon introduced evidence tending to show, that the pauper, during a part of that time, resided and had his home in Holden, and, among other things, offered in evidence two written notifications signed by Jervis Abbott, an inhabitant of Holden, and addressed to the pauper, the one

dated January 14, 1817, and the other dated April 2, 1822, warning the pauper to attend district school meetings in Holden, which notifications Abbott testified that he delivered to the pauper.

West Boyl-<br>ston<br>v.<br>Sterling.

The defendants objected to the admission of such notifications in evidence, but the objection was overruled.

The jury returned a verdict for the plaintiffs.

The defendants filed exceptions to the rulings of the judge.

*Newton* and *Conant*, for the defendants, to the point, that the evidence offered to control the certificate of the magistrate was competent, cited *St.* 1797, *c.* 35 ; *Minot* v. *Bridgewater*, 15 Mass. R. 492.

*Sept. 29th*

*C. Allen* and *Davenport*, for the plaintiffs, as to the same point, cited *Barnes* v. *Ball*, 1 Mass. R. 73.

Shaw C. J. delivered the opinion of the Court. On the first point, the Court are of opinion, that the exception is not maintained.

*Oct. 3d*

In the caption of a deposition, the cause assigned was, that the deponent was so aged and infirm as to be unable to travel and attend at the trial.

The evidence offered on the other side, to prevent the use of the deposition, was, that the deponent was not so aged and infirm, &c. *at the time of taking the deposition.* We think this evidence was rightly rejected, under these circumstances.

The certificate of the magistrate taking the deposition, is made evidence, by the statute, by necessary implication, of the facts stated in it, and such certificate is necessary to the admission of the deposition. The statute must be construed in reference to the subject matter. A deposition may be taken, at any time after the action is commenced, although the circumstances are such, that the trial may not be expected to take place for many months then to come. The certificate must be, that of the deponent being so sick, or so infirm, or so aged, as to be unable to travel and attend at the trial. The certificate is necessarily prospective, and whether the fact of such inability to attend from the cause supposed, will exist at the time of the trial, must of necessity be uncertain and contingent. It must then be construed as if thus expressed,

West Boyl-
ston
v.
Sterling.

" being so aged, as to afford reasonable or probable ground to believe, that he will be unable to travel and attend at the time of the trial."

There is another clause in the statute, § 5, which provides, that if the cause has ceased to exist *at the time of the trial*, the deposition shall not be used, and it therefore is always open to this objection and proof. So that the presence of the witness is secured and the benefit of *vivâ voce* testimony and cross-examination attained by the adverse party, if the expectation of the witness's inability to attend, upon the suggestion of which the deposition is taken, should not be realized. We do not mean to say, that if a magistrate is imposed on by some false pretence and if there be any fraud, this may not be shown ; but we are of opinion, that evidence, that the deponent was not so aged and infirm at the time of the taking of the deposition, was rightly rejected.

As to the other point, we are also of opinion, that the exception is not well founded. The proof was of an act done recognising the pauper as an inhabitant, and as such we think it was competent proof, among other facts, upon the point of inhabitancy. The question of domicil is often a difficult one, depending upon many circumstances, some of which are of themselves very slight. We believe that the fact, that one's name has been placed on the list of voters, has been admitted for this purpose, although it is the act of other persons. The evidence in question is similar ; it is an act of the officers of the town, recognising the individual as an inhabitant, and acting towards him and with him, as such. The weight of such circumstance would of course be for the jury, and if standing alone and unconnected with other circumstances, would probably be considered as very slight The only question here is, whether it was competent.

*Exceptions overruled, and judgment m the verdict.*